IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SHEREE LINDA MCCUBBIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 06-4110-CV-C-NKL |
| ) | |
| MICHAEL DALE MCCUBBIN, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

ORDER

Pending before the Court is Petitioner Sheree Linda McCubbin's Motion for Attorney's Fees [Doc. # 22]. For the reasons set forth below, the Court grants the motion with only a mathematical correction.

On June 28, 2006, the Court concluded that Sheree Linda McCubbin's two children were habitual residents of Australia and had been wrongfully retained in the United States under the meaning of the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention") as implemented by the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601 et seq. Accordingly, the Court ordered Respondent Michael Dale McCubbin to immediately turn the children over to their mother for return to Australia. (Order [Doc. # 24]). ICARA provides that "[a]ny court ordering the return of a child . . . shall order the respondent to pay necessary

1

expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate." 42 U.S.C. § 11607.  Thus, unless Respondent can show the fees and costs requested are clearly inappropriate, the Court must order him to pay.

Petitioner requests $6,392.82 in attorney's fees and costs, plus another $6,819.62 in transportation costs[1] associated with the return of the children to Australia, for a total of $13,212.44.  Respondent does not argue that the charges themselves are unreasonable, but he nonetheless argues that some of the costs are inappropriate.  First, Respondent argues that he is without the means to pay $13,212.44 in fees and costs because his monthly income is only $1,587 and he has only $5,031.07 on hand.  The Eighth Circuit has reduced fees awarded under ICARA due to a respondent's inability to pay, *see, e.g., Rydder v. Rydder*, 49 F.3d 369, 373-74 (8th Cir. 1995) (reducing fee award of $18,487.42 to $10,000.00 while leaving intact expense award of $9,667.40), but this Court finds no impediment to Respondent's ability to pay.  Mr. McCubbin is retired from the U.S. Navy, for which he draws a steady pension in the amount stated above.  He has not given the Court any reason to believe he is incapable of working for pay, and the testimony given by both parties during the hearing suggests that Mr. McCubbin may own additional

---

[1] Petitioner actually requested $9,169.77 in transportation costs, but this figure included airfare for Petitioner and her children in Australian dollars rather than U.S. dollars.  Based on the itemized expense sheet provided by Petitioner (and conceded by Respondent), the proper amount of transportation costs in U.S. dollars is $6,819.62.

property yet to be divided in an upcoming divorce proceeding. Any outstanding debt Respondent is adjudged to pay Petitioner in this Order may be accounted for in that divorce proceeding.

Respondent also argues that the transportation costs for Petitioner to travel to the United States for the hearing were unnecessary since he agreed to let her and her witnesses testify by phone (which they did during the first day of the hearing). He also suggests that he was not given the opportunity to return the children himself at a lesser expense. This argument fails for two reasons. First, Mr. McCubbin had six months of opportunity to return his children to Australia; his failure to do so precipitated this case. Secondly, there is no reason to conclude that the cost of airfare incurred by Ms. McCubbin in transporting the children back would have been substantially different had Mr. McCubbin bought the tickets himself. And unless Mr. McCubbin intended to let his young children fly halfway around the world by themselves, he would have had to purchase his own round-trip ticket to accompany them for substantially the same value as Ms. McCubbin paid for her own ticket.

Respondent argues that the travel expenses associated with Ms. McCubbin's petition should be resolved during the divorce proceedings currently pending in Boone County, Missouri. He further contends that these same travel expenses will be incurred in the future every time the children visit their father or he visits them and that such visitation expenses should be shared by the parties evenly. The Court rejects both arguments. The purpose of an ICARA/Hague Convention petition is to determine which

signatory state has jurisdiction to determine child custody. In its June 28, 2006, Order the Court concluded that Australia was the proper state for that proceeding. Thus, the pendency of a previously filed divorce proceeding in Boone County, Missouri–to the extent that that court has any jurisdiction over all aspects of the divorce–is irrelevant to this Court's consideration of the pending motion for fees. The present costs are not visitation expenses but costs incurred during the prosecution of Ms. McCubbin's Hague Convention petition. They are expressly compensable as such under ICARA as long as they are not clearly inappropriate. The responsibility for future visitation costs is an issue to be decided by a divorce court.

### III. Conclusion

Because the Court concludes that the fees and costs sought by Petitioner are not clearly inappropriate, it is hereby

ORDERED that Sheree Linda McCubbin's Motion for Fees [Doc. # 22] is GRANTED. Respondent Michael Dale McCubbin is ORDERED to pay Petitioner $13,212.44 for costs and fees incurred.

4

s/ Nanette K. Laughrey
								NANETTE K. LAUGHREY
								United States District Judge

Dated:  August 31, 2006
Jefferson City, Missouri